UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTONIO RIVERA-PEREZ,** ) | NO. SACV 05-00858-MAN |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | AND ORDER |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the** ) | |
| **Social Security Administration,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff filed a Complaint on September 12, 2005, seeking review of the denial by the Social Security Commissioner ("Commissioner")[1] of disability insurance benefits ("DIB") and supplemental security income ("SSI"). On September 23, 2005, the parties filed a "Consent to Proceed Before a United States Magistrate Judge," pursuant to 28 U.S.C. § 636. The parties filed a Joint Stipulation on July 10, 2006, in which: Plaintiff seeks an order reversing the Commissioner's decision denying

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted in place of Commissioner Joanne B. Barnhart as the Defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

benefits and directing the payment of benefits or, alternatively, remanding the case for a new hearing; and Defendant requests that the Commissioner's decision be affirmed. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed his current applications for DIB and SSI on May 6, 2002. (Administrative Record ("A.R.") 74-76, 401-03.) Plaintiff claims to have been disabled since July 2, 2001, due to lumbar and cervical strain, headaches, and radicular pain in his right leg. (A.R. 24, 74.) He has past relevant work experience as a truck driver, security guard, handyman, and machine operator. (A.R. 24.)

The Commissioner denied Plaintiff's claim for benefits initially and upon reconsideration. On August 21, 2003, Plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Steven Chaffin ("ALJ"). (A.R. 416-36.) On June 18, 2004, the ALJ denied Plaintiff's request for DIB and SSI, and the Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision. (A.R. 23-31, 5-7.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his June 18, 2004 written decision, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset of disability, and he was insured for benefits through the date of the decision. (A.R. 30.) The ALJ further found that Plaintiff's

impairments, consisting of multi-level degenerative disc disease of the lumbar spine, non-radicular low back pain, cervical pain, status post discectomy, diabetes mellitus, hypertension, mitral regurgitation, non-cardiac chest pain, and obesity, are "severe," but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equivalent to an impairment listed in, Appendix 1, Subpart P, Regulation No. 4. (*Id.*) In addition, the ALJ found that Plaintiff's allegations regarding his limitations were not totally credible. (*Id.*)

In setting forth Plaintiff's residual functional capacity, the ALJ found as follows:

> [Plaintiff] has the residual functional capacity to lift and carry 25 pounds occasionally and 10 pounds frequently, stand and/or walk for six hours, and sit for six hours out of an eight hour workday. [Plaintiff] has pain and sensory loss in his right leg which limits pushing and pulling with his lower extremities. He can occasionally climb, balance, kneel, crouch, crawl and stoop. Based on bilateral sensory deficits and positive nerve conduction studies, [Plaintiff] is limited to occasional fingering and feeling.

(A.R. 30-31.) The ALJ further found that Plaintiff's residual functional capacity did not preclude the performance of his past relevant work as a security guard. (A.R. 31.) Accordingly, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act. (*Id.*)

3

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's decision must stand if it is supported by substantial evidence and applies the appropriate legal standards. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995).

Although this Court cannot substitute its discretion for that of the Commissioner, this Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of Health and Human Serv., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and free from legal error, even when the record reasonably supports more than one rational interpretation of the evidence. *Id*. at 1041; *see also* Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 599 (9th Cir. 1999); Flaten v. Secretary, 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISCUSSION**

Plaintiff alleges two disputed issues. First, he contends that the ALJ violated his due process rights because the transcript is defective, as it does not contain evidence provided by a vocational expert upon which the ALJ relied in reaching his conclusion that Plaintiff could perform his past relevant work. (Joint Stip. at 10, 12.) Second, he contends that his due process rights were violated because the ALJ relied upon evidence provided by the vocational expert and Dr. Alan Mason, a medical expert, to whom the ALJ sent interrogatories, which Plaintiff's counsel was not provided the opportunity to review.[2] (Joint Stip. at 10, 19.)

**A.   The ALJ's Reliance On The Vocational Expert Constitutes Error.**

"If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). Thus, in posing a hypothetical to a vocational expert, the ALJ must accurately reflect all of the claimant's limitations. Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

///

---

[2] To the extent that these issues overlap, the Court addresses first, in Section A, *infra*, whether the ALJ erred in relying upon evidence provided by the vocational expert, and second, in Section B, *infra*, whether the ALJ erred in relying upon the evidence provided by the medical expert.

1   Plaintiff contends that the transcript is defective, because it
2 does not contain the evidence provided by the vocational expert, upon
3 which the ALJ relied in reaching his determination that Plaintiff could
4 perform his past relevant work as a security guard.  (Joint Stip. at
5 12.)  Plaintiff further contends that his due process rights were
6 violated because he was not given the opportunity to review and present
7 objections to this evidence.  (Joint Stip. at 17-18.)

9   In reaching his determination that Plaintiff could perform his past
10 relevant work as a security guard, the ALJ explained:

12      The evidence in this case establishes that [Plaintiff's]
13      past relevant work included employment as a security guard.
14      The vocational expert, Mr. Boroskin, indicated that this job
15      was classified by the Dictionary of Occupational Titles as
16      light, semi-skilled work (Dictionary of Occupational Titles
17      No. 372.668-034).

19      The impartial vocational expert reported that based upon
20      [Plaintiff's] residual functional capacity, [Plaintiff] could
21      return to his past relevant work as a security guard.

23 (A.R. 30.)

25   The record shows that the ALJ informed Plaintiff's counsel by
26 letter dated March 4, 2002, that he would be seeking evidence from a
27 vocational expert with interrogatories.  (A.R. 34-35.)  In this letter,
28 he indicated that he was enclosing the interrogatories he proposed to

submit to the vocational expert, and that he would send Plaintiff's counsel a copy of the responses to the interrogatories.[3] (*Id.*) However, the letter in the record to Plaintiff's counsel does not include these interrogatories (A.R. 34-35), despite the notation on the letter that it contains "Enclosures."  Furthermore, the record does not contain the vocational expert's responses to these interrogatories.

The Commissioner's regulations provide that the ALJ "shall make a complete record of the hearing proceedings." 20 C.F.R. § 404.951. "The record may be inspected and copied . . . by any person, unless otherwise ordered by the ALJ for good cause." 20 C.F.R. § 498.218.

Defendant contends that the failure to include the interrogatories and the vocational expert's responses to them in the record was harmless, because Plaintiff failed to show he could not perform his past relevant work as a security guard. (Joint Stip. at 16, citing <u>Matthews v. Shalala</u>, 10 F.3d 678, 681 (9th Cir. 1993).  In <u>Matthews</u>, the

---

[3]   Specifically, this letter states:

I am enclosing the interrogatories that I propose to submit to the vocational expert. You may:

    object to any of the interrogatories;
    propose other interrogatories; or
    object to my obtaining this information.

I will also send you a copy of the expert's responses to the interrogatories. You may then:

    comment on the responses to the interrogatories;
    submit more evidence; and
    ask me to submit additional interrogatories to the vocational expert; or
    request a supplemental hearing.

(A.R. 34.)

limitation (a preclusion on staying in one position) that the claimant argued was excluded improperly from the question posed to the vocational expert was not relevant in determining whether the claimant could perform his past work as a receiving clerk/inspector. 10 F.3d at 681.

Here, unlike in Matthews, the Court cannot determine whether the entirety of the limitations contained in Plaintiff's residual functional capacity were included in the hypothetical question(s) posed to the vocational expert, much less confirm whether any responses were received from the vocational expert and, if so, what those responses indicated. Thus, the record is incomplete, and this Court cannot confirm whether the ALJ's conclusion that Plaintiff can perform his past relevant work is supported by substantial evidence. *See generally* Steele v. Barnhart, 290 F.3d 936, 941 (7th Cir. 2002)(an ALJ must build a logical bridge from the evidence to his conclusion). Defendant's arguments -- that any such evidence was not "relevant" according to Matthews and any error in failing to provide it to Plaintiff's counsel for review is harmless –- are therefore unpersuasive.

In addition, Plaintiff's constitutional claims have merit. Social security hearings are subject to procedural due process considerations. *See* Richardson v. Perales, 402 U.S. 389, 401-02, 91 S. Ct. 1420 (1971). "One of the fundamental requirements of procedural due process [in social security disability benefit cases] is that a notice must be reasonably calculated to afford parties their right to present objections." Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir. 1990) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950).

With respect to post-hearing actions, the Commissioner's guidelines provide for the opportunity to object to post-hearing evidence:

> Most posthearing actions involve the development and receipt of additional evidence. When an Administrative Law Judge (ALJ) receives additional evidence after the hearing from a source other than the claimant or the claimant's representative, and proposes to admit the evidence into the record, the ALJ must proffer the evidence, i.e., give the claimant and representative the opportunity to examine the evidence and comment on, object to, or refute the evidence by submitting other evidence, requesting a supplemental hearing, or if required for a full and true disclosure of the facts, cross-examining the author(s) of the evidence. (See I-2-7-30, Proffer Procedures.)

HALLEX § 1-2-7-1.[4]

In a case involving similar facts, an ALJ found that the claimant was not disabled based on the vocational expert's post-hearing report without addressing the claimant's objections to interrogatories that were sent to the vocational expert. *See* Tanner v. Secretary of Health

---

[4] Although the Commissioner's guidelines have "no legal force" and "[do] not bind the [Commissioner]," Schweiker v. Hansen, 450 U.S. 785, 789, 101 S. Ct. 1468 (1981), *reh'g denied*, 451 U.S. 1032, 101 S. Ct. 1023 (1981), they deserve substantial deference and should not be disturbed as long as they are reasonable and consistent with the corresponding statutes. *See* Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998)(citing Powderly v. Schweiker, 704 F.2d 1092, 1096 (9th Cir. 1983), and applying the Commissioner's guidelines set forth in the claims manual and noting that they are "of persuasive value").

9

& Hum. Serv., 932 F.2d 1110, 1112 (5th Cir. 1991).  There, the Fifth Circuit concluded that the claimant's due process rights were violated, because the claimant was denied the opportunity to cross-examine the vocational expert in order to test his findings.  *See also* Yount v. Barnhart, 416 F.3d 1233, 1235 (10th Cir. 2005)(claimant was deprived of due process when the ALJ rendered his decision based on a post-hearing medical report without giving the claimant the chance to cross-examine the examining physician or otherwise rebut his report); Barbara Samuels, Social Security Disability Claims:  Practice and Procedure § 16:18:2 (2d ed., August 2006 update).

As the ALJ's letter to Plaintiff's counsel informing counsel that he was seeking post-hearing evidence from a vocational expert plainly stated, Plaintiff should have been provided a chance to review and object to this evidence at the administrative level.  Because Plaintiff was not provided the opportunity to review, comment on, and present objections to the vocational expert evidence -- which the record indisputably does not contain -- his due process rights were violated.

Accordingly, the ALJ's finding that Plaintiff could perform his past relevant work as a security guard constitutes reversible error.

**B.    The ALJ Should Provide Plaintiff The Opportunity To Present Objections To The Medical Expert's Evidence On Remand**.

In discussing the evidence provided by Dr. Mason, the ALJ stated:

> The medical expert, Dr. Mason, felt [Plaintiff] was

>  capable of lifting and carrying 25 pounds occasionally and 10
>  pounds frequently, stand[ing] and/or walk[ing] for six hours
>  a day, and sit[ting] for six hours out of an eight hour
>  workday; that [Plaintiff] was limited in using his lower
>  extremities for pushing and pulling of controls; that he could
>  occasionally climb, balance, kneel, crouch, crawl or stoop;
>  and that he could occasionally use his upper extremities for
>  fine manipulation and to feel (Ex 13F).

(A.R. 29.)

In explaining the basis for Plaintiff's residual functional capacity, the ALJ stated:

>  After considering the record in its entirety, the
>  impression submitted by the medical expert, Dr. Mason, that
>  [Plaintiff] is capable of performing generally light work is
>  considered to be an accurate representation of [Plaintiff's]
>  functioning and is given the greatest weight since a basis for
>  his opinion is thoroughly documented.  Accordingly, the
>  Administrative Law Judge finds [Plaintiff] retains the
>  residual functional capacity for light work of lifting and
>  carrying 25 pounds occasionally and 10 pounds frequently,
>  standing and/or walking for six hours, and sitting for six
>  hours out of an eight hour workday. [Plaintiff] has pain and
>  sensory loss in his right leg which limits pushing and pulling
>  with his lower extremities.  He can occasionally climb,
>  balance, kneel, crouch, crawl and stoop.  Based on bilateral

sensory deficits and positive nerve conduction studies, [Plaintiff] is limited to occasional fingering and feeling.

(A.R. 29.)

Here, in finding Plaintiff's residual functional capacity, the ALJ considered "the record in its entirety," as well as Dr. Mason's opinion, and cited and discussed in his opinion other evidence regarding Plaintiff's residual functional capacity, such as the reports of: Dr. Michael Glandorf, Plaintiff's treating chiropractor; Dr. Rita Pradhan, an internal medicine physician who examined Plaintiff at the request of the Commissioner; a state agency physician; and Dr. Nimish Shah, one of Plaintiff's treating physicians. (A.R. 28.) The residual functional capacity findings and opinions provided by these doctors regarding Plaintiff's limitations are generally consistent with Dr. Mason's residual functional capacity opinion and the ALJ's ultimate determination regarding Plaintiff's residual functional capacity finding.[5] As to any remaining inconsistencies among these opinions, the

---

[5] In a February 25, 2002 report, Dr. Glandorf found that Plaintiff "has a disability precluding moderate work," which he defined as contemplating work activity falling "halfway between the ability to do light work and the inability to do heavy work," and concluded that Plaintiff "should avoid lifting, pushing, pulling more than 20 pounds" and "repetitive bending, lifting, pushing, pulling and climbing activities." (A.R. 141.)

In a June 29, 2002 report, Dr. Pradham found that Plaintiff was limited to: pushing, pulling, lifting, and carrying 50 pounds occasionally and 25 pounds frequently; standing and walking six hours per day; and bending, kneeling, stooping, crawling, and crouching occasionally; and that he should be precluded from work environments with extremes of temperatures and moisture or heaving or moving machinery. (A.R. 213.)

12

Court notes that the ALJ is responsible for resolving conflicts in the medical evidence. Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 956-57 (9th Cir. 2002); Andrews, 53 F.3d at 1039-40.

Thus, even without Dr. Mason's opinion, the ALJ's residual functional capacity finding is supported by other substantial evidence. In view of the evidence supporting the ALJ's residual functional capacity finding even in the absence of Dr. Mason's report, it is unclear whether the ALJ's residual functional capacity finding constitutes error. *See also, e.g.*, Batson, 359 F.3d at 1197 (even if ALJ committed some error in characterizing the claimant's statements regarding his limitations, in light of the numerous other record-supported reasons given by the ALJ for finding the claimant not credible and for the residual functional capacity found, the error was harmless). Indeed, Plaintiff does not contend that the ALJ's consideration of evidence from these physicians was error, nor does he challenge the ALJ's residual functional capacity finding in any material respect. Nevertheless, as this case is being remanded, Plaintiff should be provided the opportunity to object to Dr. Mason's interrogatory responses at a further supplemental hearing and/or to rebut his

---

In a February 24, 2001 Physical Residual Functional Capacity Assessment, the state agency physician found that Plaintiff was limited to lifting and carrying 50 pounds occasionally and 25 pounds frequently, and standing, walking, and sitting about six hours in an eight-hour workday; and occasionally climbing, balancing, stooping, kneeling, crouching, and crawling. (A.R. 216-23.)

In an April 24, 2003 report, Dr. Shah noted that Plaintiff "is advised to avoid any bending, lifting, stooping, and twisting." (A.R. 228.)

conclusions by presenting additional evidence.[6]

**C.   Remand Is Required.**

Thus, remand is appropriate to allow the ALJ the opportunity to correct the above errors. *See* McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

## CONCLUSION

Accordingly, for the reasons stated above, the denial of benefits is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order. Judgment shall be entered reversing the decision of the Commissioner, and remanding the matter for further administrative action consistent with this Memorandum Opinion and Order.

///
///
///
///
///

---

[6] Like the arguments Plaintiff advanced based on the ALJ's reliance on evidence provided by the vocational expert, Plaintiff also contends that the ALJ's failure to proffer the evidence from Dr. Mason constitutes a violation of his due process rights. (Joint Stip. at 20; citing A.R. 415.) While any error arising from the ALJ's reliance on this evidence may have been harmless, as indicated above, the Court does not reach this issue, as this case is being remanded on other grounds, and Plaintiff may have the opportunity to challenge Dr. Mason's evidence at that time.

1 | IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 21, 2006

                                           /   S   /
                                      MARGARET A. NAGLE
                                  UNITED STATES MAGISTRATE JUDGE